# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 08-41249
Summary Calendar

Lyle W. Cayce
Clerk

LAWRENCE D. KENEMORE, JR.,

Petitioner-Appellant,

versus

KEITH ROY, Warden at FCI Texarkana,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-104

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lawrence Kenemore, Jr., federal prisoner # 26175-077, was convicted by a jury of "conspiracy to commit mail fraud, conspiracy to embezzle funds from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41249

employee benefit plans, conspiracy to launder money, mail fraud, embezzlement from employee benefit plans, money laundering, and making a false statement to the United States Department of Labor." *See United States v. Kenemore*, No. 96-11029, 1997 WL 574971, at *1 (5th Cir. Aug. 28, 1997) (unpublished). Kenemore filed a petition under 28 U.S.C. § 2241, arguing that his money-laundering conviction should be invalidated in light of *United States v. Santos*, 553 U.S. 507 (2008). The district court dismissed the petition because Kenemore did not meet the requirements for proceeding under the savings clause of 28 U.S.C. § 2255 as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). For the denial of habeas corpus relief, the district court's findings of facts are reviewed for clear error, issues of law *de novo. Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The district court limited the application of *Santos* to cases of illegal gambling and did not have the benefit of *Garland v. Roy*, 615 F.3d 391 (5th Cir. 2010), when it reached that conclusion. Under *Garland*, *id.* at 402-04, the district court's narrow interpretation of *Santos*, limiting it to illegal gambling, is not correct. Accordingly, the judgment of dismissal of Kenemore's § 2241 petition is VACATED. Kenemore's motion for remand is GRANTED, and the matter is REMANDED to determine whether, consistent with *Garland*, his claim falls within the savings clause of § 2255.

Kenemore's motion to have the court take notice of two letters pursuant to Federal Rule of Appellate Procedure 28(j) is GRANTED. His motion for release pending appeal is DENIED. *See Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).