# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2013

No. 12-41111
Summary Calendar

Lyle W. Cayce
Clerk

LAWRENCE D. KENEMORE, JR.,

Petitioner-Appellant

v.

KEITH ROY, Warden at FCI Texarkana,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-104

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lawrence D. Kenemore, Jr., federal prisoner # 26175-077, was convicted by a jury of "conspiracy to commit mail fraud, conspiracy to embezzle funds from employee benefit plans, conspiracy to launder money, mail fraud, embezzlement from employee benefit plans, money laundering, and making a false statement to the United States Department of Labor." *See United States v. Kenemore*, No. 96-11029, 1997 WL 574971 at *1 (5th Cir. Aug. 28, 1997)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(unpublished). Kenemore filed a petition under 28 U.S.C. § 2241 arguing that his money laundering conviction should be invalidated in light of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008). The district court dismissed the § 2241 petition because Kenemore did not meet the requirements for proceeding under the savings clause of 28 U.S.C. § 2255 as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). In reviewing the denial of habeas relief, the district court's findings of facts are reviewed for clear error and issues of law are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

This court vacated the dismissal of Kenemore's § 2241 petition and remanded to the district court to determine whether, consistent with *Garland v. Roy*, 615 F.3d 391 (5th Cir. 2010), Kenemore's claim fell within the savings clause. *Kenemore v. Roy*, 401 F. App'x 975 (5th Cir. 2010) (unpublished). Following remand, the district court again dismissed Kenemore's § 2241 petition because he did not meet the requirements for proceeding under the savings clause of § 2255. The district court found that the convictions on counts 2 and 17-20 were not affected by the holding in *Santos* because they involved violations of 18 U.S.C. §1956(a)(2)(A), which does not contain the word proceeds. With respect to counts 21-25, the district court judge found that defining proceeds as gross receipts did not cause a merger problem because the monetary transfers were separate from the underlying fraud and embezzlement from employee benefit plan funds and were designed to conceal and disguise the source of the funds. The district court alternatively found that the amounts alleged in these counts excluded operating expenses and involved only the money diverted for Kenemore's personal use.

On appeal, Kenemore does not challenge the district court's finding that counts 2 and 17-20 were not affected by the holding in *Santos*. Kenemore

argues that he is entitled to relief under an interpretation of *Santos* in which proceeds means profits in all money laundering cases. Although he does not specifically challenge this court's holding in *Garland*, his interpretation of *Santos* directly contradicts *Garland*. In *Garland*, this court interpreted Justice Stevens's *Santos* concurrence as requiring a bifurcated analysis to determine if proceeds should be defined as profits. *Garland*, 615 F.3d at 402-04. One panel of this court may not overrule the decision of another panel absent an en banc or superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). As Kenemore has cited to no such superseding case, this issue is without merit.

Next, Kenemore conclusionally suggests that the district court erred in finding that his convictions presented no merger problems. Kenemore has presented nothing specific to challenge these findings. Kenemore's most potent argument challenging the district court findings under the *Garland* bifurcated analysis is that separating money transfers essential to the fraud from those related to money laundering is difficult. Kenemore has not shown that the district court erred in concluding that he had not shown that he may have been convicted of a nonexistent offense under *Santos*. *See Reyes-Requena*, 243 F.3d at 904.

AFFIRMED.