# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2014

Lyle W. Cayce
Clerk

MIGUEL ANGEL MADRIGAL,

Plaintiff-Appellant

v.

GARY CURRIE; OLIVER J. BELL; BRAD LIVINGSTON; BRYAN COLLIER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-321

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Madrigal, Texas prisoner # 580267, filed a 42 U.S.C. § 1983 complaint for damages and injunctive relief against several employees of the Texas Department of Criminal Justice wherein he alleged that they failed to protect him from an assault during which he was seriously injured by his cellmate. He also alleged that his property was lost or stolen. Madrigal consented to proceed before the magistrate judge, who held a hearing pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40105

to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  The magistrate judge dismissed the complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Our review is de novo. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Although this court construes the briefs of pro se litigants liberally, an appellant's brief must contain an argument on the issues that are raised so that this court may know what action of the district court is complained of.  *Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995).  Conclusory statements of the type found in Madrigal's brief are insufficient, even for a pro se appellant.  *See Brinkmann v. Dallas Cnty Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, the appeal is dismissed as frivolous.  5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  This dismissal counts as a strike under 28 U.S.C. § 1915(g), and Madrigal is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.