# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2021

Lyle W. Cayce
Clerk

No. 20-30199

Samuel Roy Abram,

*Petitioner—Appellant*,

*versus*

Chris McConnell, *Warden, United States Penitentiary Pollock*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:19-CV-1481

---

Before Owen, *Chief Judge*, Smith and Graves, *Circuit Judges*.
Jerry E. Smith, *Circuit Judge*:

Samuel Abram robbed myriad banks, and a jury found him guilty of possession of a firearm by a convicted felon. Later, the Supreme Court decided that that crime required the government to prove the defendant's knowledge of his felony status. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Because his indictment didn't allege such knowledge, Abram petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, which the district court dismissed for lack of jurisdiction. We affirm.

No. 20-30199

## I.

From 2002 to 2003, Abram embarked on a bank robbery spree in Florida. *See United States v. Abram*, 171 F. App'x 304, 308 (11th Cir. 2006) (per curiam). He robbed Vanguard Bank, fleeing in an employee's car. *Id.* Next, he robbed Compass Bank. *Id.* He then robbed Wachovia Bank by cutting a hole in the roof and then forcing employees at gun point to "march across the lobby and lay [*sic*] on the ground, where their hands were tied behind their back." *Id.*

A jury convicted Abram of various crimes, including possession of a firearm by a felon. *Id.* at 307. When Abram appealed, he "d[id] not challenge his conviction for possession of a firearm by a convicted felon." *Id.* The Eleventh Circuit affirmed. *Id.* at 306. Abram then moved to vacate that conviction under 28 U.S.C. § 2255, which the Florida district court denied.

Abram was transferred to a facility in the Western District of Louisiana. Meanwhile, the Supreme Court decided *Rehaif*, which held, 139 S. Ct. at 2195, that, under 18 U.S.C. § 922(g)—the basis of Abram's felon-in-possession conviction, *see Abram*, 171 F. App'x at 308—"the Government must prove that a defendant knows of his status as a person barred from possessing a firearm." Because Abram's indictment did not allege knowledge of his felony status, he sought habeas relief. The district court dismissed for want of jurisdiction.

Abram appeals and moves to vacate and remand. "This Court reviews *de novo* a district court's dismissal of a section 2241 petition on the pleadings." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "We may affirm the district court's denial of § 2241 relief on any ground supported by the record." *Beras v. Johnson*, 978 F.3d 246, 251 (5th Cir. 2020) (per curiam) (cleaned up).

## II.

Generally, if a prisoner has challenged his conviction with a failed § 2255 motion, he doesn't get a second bite at the apple under § 2241. *See Santillana v. Upton*, 846 F.3d 779, 781–83 (5th Cir. 2017). In fact, a prisoner generally can't use § 2241 to challenge his conviction.[1]

But there's an exception: Under § 2255(e)'s "savings clause," *id.*, a prisoner can use § 2241 to challenge his conviction if § 2255 "is inadequate or ineffective to test the legality of his detention." And § 2255 is "inadequate or ineffective" if "(1) the § 2241 petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law . . . and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense." *Santillana*, 846 F.3d at 782 (cleaned up). "The petitioner bears the burden" of "com[ing] forward with evidence showing each element of [that] test." *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (cleaned up).

Abram fails to carry his burden on that third factor.[2] For a prisoner to show that he may have been convicted of a nonexistent offense, he (1) must assert that he did not violate the new requirement imposed by the intervening Supreme Court precedent[3] and (2) must provide some evidence or argument

---

[1] *See Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (noting that "§ 2241 is typically used to challenge the manner in which a sentence is executed"—not "the legality of [the prisoner's] conviction or sentence").

[2] Because Abram flounders on the third factor, we do not decide whether he carries his burden on the first two factors. *See, e.g.*, *Wilson v. Roy*, 643 F.3d 433, 437 (5th Cir. 2011).

[3] *See Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021) (per curiam) (rejecting a prisoner's actual-innocence argument—on the third prong of the savings-clause analysis—"[b]ecause [he] [did] not argue that he was unaware of his [] status"). In contrast, courts entertain actual-innocence arguments where the prisoner contends that the Supreme Court's new requirement was not present in his case. *See, e.g.*, *Wilson*, 643 F.3d at 435 ("Wilson argues that he is actually innocent of money laundering *because he did*

backing that up.[4]  And those two requirements are particularly important in the *Rehaif* context, because "[c]onvicted felons typically know they're convicted felons."[5]  Because of that "simple truth," in the plain-error-review context, "if a defendant was in fact a felon, it will be difficult for him to carry the burden . . . of showing a reasonable probability that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different."  *Greer*, 2021 WL 2405146, at *4 (quotation marks omitted).  Similarly, we recently rejected a *Rehaif*-actual-innocence argument where the prisoner had failed to contend that he lacked knowledge of his status.  *See Palmer*, 844 F. App'x at 769.  Abram fails on both requirements.

On the first requirement, Abram provides only the conclusory assertion that he is "[a]ctually [i]nnocent" of his § 922(g) conviction.  He does

---

*not conduct a financial transaction that involved the profits of a specified unlawful activity . . . .*" (emphasis added)); *Peterson v. Butler*, No. 20-5481, 2020 WL 9211296, at *2 (6th Cir. Dec. 17, 2020) (unpublished) ("Peterson argues that he is actually innocent of his § 922(g) conviction following *Rehaif because he did not know when he possessed ammunition that he was a felon.*" (emphasis added)).

[4] *See Santillana*, 846 F.3d at 781, 785 (examining jury instructions and an indictment—on the third prong of the savings-clause analysis—in response to a defendant's argument that her conduct did not satisfy a heightened causation standard); *Peterson*, 2020 WL 9211296, at *2 (describing a prisoner's argument—on the third prong of the savings-clause analysis—that he did not know he was a felon, because "he was discharged in eight months"); *cf. Kenemore v. Roy*, 536 F. App'x 391, 393 (5th Cir. 2013) (per curiam) ("Kenemore conclusionally suggests that the district court erred in finding that his convictions presented no merger problems.  Kenemore has presented nothing specific to challenge these findings . . . . Kenemore has not shown that the district court erred in concluding that he had not shown that he may have been convicted of a nonexistent offense . . . .").

[5] *Greer v. United States*, No. 19-8709, 2021 WL 2405146, at *5 (U.S. June 14, 2021) (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *cert. denied*, 2021 U.S. LEXIS 3159 (U.S. June 21, 2021); *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting) ("Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants.").

not contend that he was unaware of his felony status. And that's fatal: Where a prisoner seeks relief under *Rehaif* but fails to "argue that he was unaware of his [relevant] status, he has failed to demonstrate that he [is] entitled to proceed under § 2255(e)'s savings clause."[6]

Similarly, on the second requirement, Abram provides no theory supporting his claim that he's actually innocent. For instance, the Sixth Circuit[7] recently confronted a *Rehaif*-actual-innocence claim in which the defendant asserted that he thought his previous conviction was only a *misdemeanor*—not a *felony*. *Peterson*, 2020 WL 9211296, at *2. Even then, the court rejected that contention, because the presentence investigation report and other circumstantial evidence "show[ed] that it was a felony." *Id.* Here, in contrast, Abram's underlying felony was for possession of cocaine in 2001, and he doesn't point to any facts or circumstances that would explain why—less than two years later[8]—he forgot about or misapprehended the nature of that conviction. Without such an explanation, Abram cannot carry his burden.[9]

---

[6] *Palmer*, 844 F. App'x at 769; *cf. United States v. Glover*, No. 20-10228, 2021 WL 1165999, at *2 (5th Cir. Mar. 26, 2021) (per curiam) (unpublished) (rejecting a defendant's *Rehaif* argument on direct appeal, where, *inter alia*, the defendant "d[id] not claim that he was ignorant of his status as a felon when he committed his § 922(g) offense, much less point to any evidence showing that such a claim was viable").

[7] The Sixth Circuit's formulation of its savings-clause test differs—at least in syntax—from ours. *Compare Peterson*, 2020 WL 9211296, at *1, *with Santillana*, 846 F.3d at 782. To the extent that the Sixth Circuit imposes a more onerous burden on prisoners, Abram's evidence is likewise more meager than the evidence presented by Peterson.

[8] According to the indictment, Abram was convicted of his cocaine offense on January 26, 2001, and he possessed the firearm on or about August 5, 2002.

[9] *Cf. Greer*, 2021 WL 2405146, at *4 (noting that, if a defendant fails to "make . . . an argument or representation on appeal" that "he would have presented evidence in the district court that he did not in fact know he was a felon," then "the appellate court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that . . . the outcome would have been different absent the

No. 20-30199

Abram's only theory is that his indictment did not allege knowledge of felony status. And he's right that indictments can help determine whether a prisoner may have been convicted of a nonexistent offense. *See, e.g.*, *Santillana*, 846 F.3d at 785. But Abram does not cite any precedent positing that an indictment's failure to mention a new element of a crime is sufficient to prove that the prisoner might have been convicted of a nonexistent offense. In any event, any omission in Abram's indictment can't overcome his failure to (1) contend that he lacked knowledge of his felony status and (2) provide any theory for or evidence of his dearth of knowledge.[10]

In sum, Abram fails to show that he might have been convicted of a nonexistent offense. He thus flunks § 2255(e)'s savings-clause test, and § 2255(e) bars his § 2241 petition. Although we construe Abram's *pro se* petition liberally, his "[c]onclusory statements . . . are insufficient, even for a pro se" litigant.[11]

The dismissal of Abram's petition for a writ of habeas corpus under § 2241 is AFFIRMED. His motion to vacate is DENIED.

---

*Rehaif* error").

[10] *See Palmer*, 844 F. App'x at 769. For instance, instead of a conclusory claim of actual innocence, the prisoner in *Santillana*, 846 F.3d at 781, had contended—since her direct appeal—that the government must prove a heightened causation standard. After the Supreme Court agreed, we examined her indictment and jury instructions to determine whether the jury employed that heightened standard or whether she was convicted of a nonexistent offense. *Id.* at 785.

[11] *Madrigal v. Currie*, 582 F. App'x 417, 418 (5th Cir. 2014) (per curiam); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of *pro se* litigants . . . *pro se* parties must still brief the issues . . . ."); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam) ("*Pro se* habeas corpus petitions must be construed liberally . . . . At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." (citations omitted)); *Oliver v. Bankfirst*, 552 F. App'x 357, 357 (5th Cir. 2014) (per curiam) (rejecting a *pro se* argument that "consists of a short series of conclusory statements without any legal or factual analysis").