# United States Court of Appeals
# for the Fifth Circuit

No. 21-60643
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2022

Lyle W. Cayce
Clerk

Robert Montgomery,

*Petitioner—Appellant*,

*versus*

DeWayne Hendrix, *Warden*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-502

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Robert Montgomery appeals the district court's dismissal of his petition under 28 U.S.C. § 2241 challenging his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Montgomery's challenge is based on a change in the law stemming

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60643

from the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the following reasons, we AFFIRM.

## I.

Robert Montgomery—a prisoner housed at the Federal Correctional Complex in Yazoo City, Mississippi—was convicted by a jury in the United States District Court for the Western District of Missouri of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] After his direct appeal was denied, Montgomery mounted several additional challenges to his conviction under 28 U.S.C. § 2255; each has been denied. Montgomery's latest challenge comes in the form of a petition under 28 U.S.C. § 2241. He argues that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), renders his conviction invalid.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove *both* that the defendant knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added). Montgomery contends that his conviction is therefore invalid because the jury considered only whether he (a) was a felon and (b) knowingly possessed a firearm, and not whether Montgomery additionally knew he was a felon who was prohibited from such possession. The magistrate judge found that Montgomery had procedurally defaulted on his claim and recommended that Montgomery's petition be denied. The district court adopted the magistrate judge's report and recommendations

---

[1] The facts of that case and conviction can be found in the opinion from the Eighth Circuit rejecting Montgomery's direct appeal of his conviction, *United States v. Montgomery*, 701 F.3d 1218, 1220–21 (8th Cir. 2012).

over Montgomery's objections and issued a final judgment dismissing Montgomery's petition. Montgomery timely appeals.

## II.

Normally, a federal conviction can be challenged only in the court of conviction through a petition filed pursuant to 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). However, an exception exists under the savings clause found in 28 U.S.C. § 2255(e), which allows a petitioner to seek relief under 28 U.S.C. § 2241 if a petition under § 2255 would be "inadequate or ineffective to test the legality of [the petitioner's] detention." Section 2255 is rendered inadequate, and the savings clause thus applies, when "(1) the petition raises a claim 'that is based on a retroactively applicable Supreme Court decision'; (2) the claim was previously 'foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion'; and (3) that retroactively applicable decision establishes that 'the petitioner may have been convicted of a nonexistent offense.'" *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (alteration in original) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). "The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Reyes-Requena*, 243 F.3d at 901 (quoting *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)).

The magistrate judge found that Montgomery had satisfied his burden and presented a *prima facie* case that § 2255 was inadequate because: (1) Supreme Court decisions like *Rehaif* that "interpret[] federal statutes that substantively define criminal offenses automatically apply retroactively," *Garland*, 615 F.3d at 396; (2) Montgomery's instant claim would have been foreclosed by *United States v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010); and (3) under *Rehaif*, "Montgomery may have been convicted of a non-existent

offense, *i.e.*, the offense of being a felon in possession of a firearm but without the knowledge that he was a convicted felon."

However, in considering the final prong, the magistrate judge was without the benefit of our guidance in *Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021), which was decided after both the magistrate judge issued his recommendation and the district court issued its judgment. There, in response to a different § 2241 petition based on *Rehaif*, we stated: "For a prisoner to show that he may have been convicted of a nonexistent offense, he (1) must assert that he did not violate the new requirement imposed by the intervening Supreme Court precedent and (2) must provide some evidence or argument backing that up." *Id.* at 785–86 (citation omitted). We additionally noted that "those two requirements are particularly important in the *Rehaif* context, because '[c]onvicted felons typically know they're convicted felons.'" *Id.* at 786 (alteration in original) (quoting *Greer v. United States*, 141 S. Ct. 2090, 2098–99 (2021)).

Here, as in *Abram*, Montgomery makes no assertions that he was unaware of his felony status—"[a]nd that's fatal." *Id.* In addition, Montgomery puts forward no arguments or evidence concerning the relevant inquiry (namely, whether he knew that he was a felon at the time he possessed a firearm). Nor could he—Montgomery in fact testified about his felonies at trial, stating that "[t]he government has shown you my past criminal felonies" and going so far as to list them for the jury, ultimately stating: "These are my convictions. And I have nothing to hide. That's what I had to hide. That I'm a convicted felon. I had that to hide from you all. I no longer have that to hide." Given this evidence, and the lack of any contradicting evidence or argument from Montgomery regarding his knowledge of his felony status, he has failed to demonstrate he was convicted of a non-existent offense. And given that failure, he is unable to demonstrate that a petition

No. 21-60643

under § 2255 is inadequate such that he is entitled to file a petition under § 2241 pursuant to § 2255's savings clause.[2]

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] Because we find that Montgomery has not demonstrated that § 2255 is inadequate, we need not consider whether, as the district court found, Montgomery has procedurally defaulted on any claim Montgomery might have had and that such a claim would therefore be barred.