# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2022

Lyle W. Cayce
Clerk

No. 21-40436
Summary Calendar

———————

Joe Hester,

*Petitioner—Appellant*,

*versus*

Warden FCI Texarkana,

*Respondent—Appellee*.

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:19-CV-165

———————

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Joe Hester, federal prisoner # 22676-424, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his conviction for possession of a firearm by a felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40436

2191 (2019). The district court denied the petition, determining that Hester had not shown under the savings clause of 28 U.S.C. § 2255(e) that the remedy provided for in § 2255 was inadequate or ineffective.

A prisoner may, pursuant to the savings clause of § 2255(e), challenge the basis of his federal custody in a § 2241 petition if he shows that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. On appeal from the denial of a § 2241 petition, the district court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

Hester argues on appeal that *Rehaif* rendered his conviction unlawful and that he was entitled to raise that claim in a § 2241 petition under the § 2255(e) savings clause because he had already filed two § 2255 motions by the time *Rehaif* was decided. In describing his claim under *Rehaif*, he contends for the first time on appeal that he is entitled to relief because the issue of whether he knew of his status as a convicted felon was not put before the jury. He also contends for the first time on appeal that his right to a speedy trial was violated and that the district court violated 28 U.S.C. §§ 454 and 455. We will not consider these issues for the first time on appeal. *See, e.g.*, *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam).

Hester does not challenge the district court's determination that his claims involving the Sentencing Guidelines, the excessiveness of his

sentence, and an improper amendment of the indictment did not satisfy either prong of the test set out in *Reyes-Requena*. As to his *Rehaif* argument, he does not assert on appeal, as he argued in the district court, that the Government failed to prove the possession element of the offense charged. Accordingly, he has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, even if Hester's appellate brief were liberally construed as arguing that the Government failed to prove the possession element of the offense in violation of *Rehaif*, the status element of the offense, rather than the possession element, was at issue in *Rehaif*, and Hester has not met the requirements of *Reyes-Requena*. *See Reyes-Requena*, 243 F.3d at 901; *see also Rehaif*, 139 S. Ct. at 2196; *Abram v. McConnell*, 3 F.4th 783, 785-86 (5th Cir. 2021).

Accordingly, the district court's judgment is AFFIRMED. Hester's motion for a copy of this court's determination why it was not required to decide his case within 30 days is DENIED.