# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2022

Lyle W. Cayce
Clerk

No. 22-60148
Summary Calendar

Kingy Ossarius Holden,

*Petitioner—Appellant*,

*versus*

Warden S. Reiser,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-400

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Kingy Ossarius Holden, federal inmate # 29356-001, was convicted in the Northern District of Alabama of, *inter alia*, being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He filed a 28 U.S.C. § 2255 motion in that court challenging his § 922(g) conviction, which was denied. Following

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the issuance of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Holden filed a petition under 28 U.S.C. § 2241 in the Southern District of Mississippi, where he is incarcerated, challenging the sufficiency of the evidence supporting his § 922(g) conviction. Concluding that Holden failed to satisfy the § 2255(e) "savings clause," the district court dismissed the petition for lack of jurisdiction. Holden now appeals, and we affirm.

A prisoner may, pursuant to the § 2255(e) "savings clause," challenge the basis of his federal custody in a § 2241 petition if he shows that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

In *Rehaif*, the Supreme Court held that to convict a defendant under § 922(g), the Government must prove, relevantly, that the defendant knew he belonged to the pertinent category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200. Holden neither avers that he was unaware of his prohibited status as a felon at the time he possessed the relevant firearm nor points to any evidence or theory supporting a finding that he was unaware of his prohibited status. *See Abram v. McConnell*, 3 F.4th 783, 785-86 (5th Cir. 2021). In fact, he stipulated at trial to having prior felony convictions, which is "sufficient evidence to establish that he knew he was a felon" under *Rehaif*. *United States v. Kieffer*, 991 F.3d 630, 635 (5th Cir.), *cert. denied*, 142 S. Ct. 297 (2021). Consequently, Holden fails to show that the district

No. 22-60148

court's savings clause determination was error.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The judgment dismissing the § 2241 petition for lack of jurisdiction is AFFIRMED.