**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6095**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MOHAMAD YOUSSEF HAMMOUD, a/k/a Ali Abousaleh, a/k/a Ali
Albousaleh,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Senior
District Judge. (3:00-cr-00147-GCM-DSC-1; 3:14-cv-00076-GCM)

Submitted: October 25, 2016          Decided: November 8, 2016

Before MOTZ and KEENAN, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Dismissed by unpublished per curiam opinion.

James Patrick McLoughlin, Jr., MOORE & VAN ALLEN, PLLC, Charlotte,
North Carolina, for Appellant. William A. Brafford, Melissa Louise
Rikard, Michael E. Savage, Assistant United States Attorneys,
Craig Darren Randall, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohamad Youssef Hammoud seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Hammoud has not made the requisite showing. Accordingly, although we grant Hammoud's motion to file an oversize informal brief, we deny a certificate of appealability and dismiss the appeal.

Hammoud also has filed a motion requesting that we remand his case to the district court so that he may amend his § 2255 motion to raise a claim under Johnson v. United States, 135 S. Ct. 2551

2

(2015).  We deny the motion to remand and amend but construe it as a motion under 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive § 2255 motion.  See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003).

Our review of the relevant materials convinces us that Hammoud fails to make the prima facie showing necessary to receive the requested authorization.  Although Hammoud characterizes his claim as one arising under Johnson, his claim has little in common with the issue addressed in Johnson except that Hammoud also wishes to make a general void-for-vagueness argument.  Therefore, we deny Hammoud's application for authorization.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED