# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2022

Lyle W. Cayce
Clerk

No. 19-50914

Mohamad Youssef Hammoud,

*Petitioner—Appellant*,

*versus*

Warden Serkou Ma'at, Federal Correctional Institute
Bastrop,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-751

Before Richman, *Chief Judge*, and Jones, Smith, Stewart, Dennis, Elrod, Southwick, Haynes, Graves, Higginson, Costa, Willett, Ho, Duncan, Engelhardt, Oldham, and Wilson, *Circuit Judges*.

Priscilla Richman, *Chief Judge*, joined by Smith, Stewart, Dennis, Elrod, Southwick, Haynes, Graves, Higginson, Costa, and Wilson, *Circuit Judges*.

Mohamad Youssef Hammoud appeals the dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. A panel of this court

No. 19-50914

affirmed the district court's judgment.[1]  We granted rehearing en banc.[2]  Because Hammoud could have raised all his present claims in a § 2255 motion, he may not raise them in a § 2241 petition.  Accordingly, we affirm the district court's denial of § 2241 relief.

## I

In 1999, Hammoud donated $3,500 to Hizballah, a designated foreign terrorist organization.[3]  On March 18, 2003, Hammoud was convicted of "knowingly provid[ing] material support or resources to a foreign terrorist organization" in violation of 18 U.S.C. § 2339B.[4]  At his trial, the jury was instructed that "knowingly" under § 2339B meant that Hammoud "was conscious and aware of his action, realized what was happening around him and did not act because of ignorance, mistake, or accident."

On December 17, 2004, Congress amended § 2339B to specify that an individual "must have knowledge that the organization is a designated terrorist organization . . . , that the organization has engaged or engages in terrorist activity . . . , or that the organization has engaged or engages in terrorism."[5]  In Hammoud's case, the Government did not prove that he knew Hizballah was a designated terrorist organization or was engaged in terrorist activity, as specified in the 2004 amendments.

---

[1] *Hammoud v. Ma'at*, 830 F. App'x 438, 439 (5th Cir. 2020) (per curiam) (unpublished), *vacated*, 994 F.3d 734 (2021) (per curiam).

[2] *Hammoud*, 994 F.3d 734.

[3] *United States v. Hammoud*, 381 F.3d 316, 326 (4th Cir. 2004) (en banc); *see also* 64 Fed. Reg. 55,112 (1999) (designating Hizballah a terrorist organization); 62 Fed. Reg. 52,650 (1997) (same).

[4] 18 U.S.C. § 2339B(a)(1).

[5] *Id.*; *see also* Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, § 6603(c), 118 Stat. 3762-3763.

No. 19-50914

The en banc Fourth Circuit Court of Appeals affirmed Hammoud's conviction.[6]  In 2014, Hammoud filed a § 2255 motion for postconviction relief, which the district court denied.[7]  The Fourth Circuit affirmed the district court's judgment,[8] and the Supreme Court denied certiorari.[9]

In 2018, Hammoud filed a § 2241 petition in the Western District of Texas, where he was incarcerated at the time.  The district court dismissed the petition for lack of jurisdiction.  It held that Hammoud could not proceed under § 2241 because he had not established that a § 2255 motion was inadequate or ineffective to test the legality of his detention.  Hammoud appealed that decision, which a panel of this court affirmed.[10]  We granted rehearing en banc.[11]

## II

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief."[12]  Section 2255

---

[6] *Hammoud*, 381 F.3d at 325.  The Supreme Court vacated the judgment and remanded on grounds unrelated to this appeal.  *Hammoud v. United States*, 543 U.S. 1097 (2005).  The Fourth Circuit subsequently reinstated the portions of its prior opinion affirming Hammoud's convictions.  *United States v. Hammoud*, 405 F.3d 1034 (4th Cir. 2005).

[7] *Hammoud v. United States*, No. 3:14-cv-76, 2015 WL 8544710, at *16 (W.D.N.C. Dec. 10, 2015).

[8] *United States v. Hammoud*, 670 F. App'x 163, 164 (4th Cir. 2016) (per curiam) (unpublished).

[9] *Hammoud v. United States*, 137 S. Ct. 1352 (2017).

[10] *Hammoud v. Ma'at*, 830 F. App'x 438, 439 (5th Cir. 2020) (per curiam) (unpublished), *vacated*, 994 F.3d 734 (2021) (per curiam).

[11] *Hammoud*, 994 F.3d 734.

[12] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

motions "provide[] the primary means of collateral attack on a federal sentence."[13]

Section 2255 grants federal prisoners one opportunity to challenge any aspect of their sentence. The statute provides for a motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[14]

While the grounds for initial § 2255 motions are virtually unfettered, the grounds for subsequent § 2255 motions are restricted. In the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress authorized a "second or successive motion" on only two bases.[15] The motion must concern either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[16]

In "extremely limited circumstances," federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion.[17]

---

[13] *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[14] 28 U.S.C. § 2255(a).

[15] *Id.* § 2255(h); *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 864-65 (5th Cir. 2000) (describing AEDPA's restrictions on second or successive § 2255 motions).

[16] 28 U.S.C. § 2255(a).

[17] *Pack*, 218 F.3d at 452 (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)).

The so-called "saving clause"[18] of § 2255(e) narrowly circumscribes this recourse to a federal prisoner for whom a § 2255 motion "is inadequate or ineffective to test the legality of his detention."[19] The saving clause provides in full:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[20]

By its terms, the saving clause does not accommodate claims that may be remedied under § 2255. "A petition for a writ of habeas corpus pursuant to [§ ]2241 is not a substitute for a motion under [§ ]2255."[21] A defendant need not file, let alone prevail, on a § 2255 motion. So long as the district court would have had jurisdiction to consider such a motion, it bars relief under § 2241. The circuit courts unanimously agree that the saving clause does not preserve claims that prisoners could have raised in a § 2255 motion. When "a prisoner had an opportunity to present his claim properly in his first § 2255 [motion], but failed to do so, any 'ineffectiveness' of his current § 2255 [motion] is due to him and not to § 2255."[22] Since an opportunity is

---

[18] *See Saving Clause*, GARNER'S DICTIONARY OF LEGAL USAGE 797 (3d ed. 2011) ("[S]aving," not savings, "is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included.").

[19] 28 U.S.C. § 2255(e).

[20] *Id.*

[21] *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam).

[22] *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir. 1999); *see also Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003) ("[W]here, as in Cephas's case, petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, . . . then the savings

No. 19-50914

all that is required, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that

---

clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)) (affirming that "remedy by § 2255 motion not 'inadequate or ineffective' if district court 'could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking'"); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam) ("If . . . the prisoner had an unobstructed procedural shot at filing a § 2255 motion . . . , a § 2241 motion is unavailable to him. . . ."); *Cox v. Warden*, 911 F.2d 1111, 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that . . . may be remedied under section 2255."); *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) (requiring a § 2241 petitioner to show "he had no prior reasonable opportunity to bring his argument for relief"); *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (rejecting a § 2241 petition because the prisoner "had a chance to raise the question" in his first § 2255 motion, such that "[n]othing in § 2255 made the remedy provided by that section inadequate to enable Davenport to test the legality of his imprisonment"); *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) ("[Section] 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand."); *Ivy v. Pontesso*, 328 F.3d 1057, 1061 (9th Cir. 2003) (rejecting a § 2241 petition because the petitioner "has not been denied an unobstructed procedural opportunity to present" the claim in a § 2255 motion); *Prost v. Anderson*, 636 F.3d 578, 587 (10th Cir. 2011) (emphasis in original) ("[T]he plain language of § 2255 means what it says and says what it means: a prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the petitioner with a *chance* to *test* his sentence or conviction."); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017) (en banc) (restricting the application of the saving clause "to claims that are not cognizable or that cannot be remedied under section 2255"); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . .").

provision."[23]  These limitations are necessary to give effect to "Congress's clear attempt to limit successive habeas petitions."[24]

## III

We now turn to Hammoud's petition.  We review a district court's dismissal of a § 2241 petition de novo.[25]  The petitioner bears the burden of establishing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."[26]

Hammoud makes three claims for § 2241 relief.  First, he contends that the *mens rea* requirement in the pre-2004 statute was unconstitutionally vague.  Hammoud could and did raise this claim in his first § 2255 motion, and the court rejected it.[27]  That Hammoud's motion was "unsuccessful . . . does *not* make § 2255 inadequate or ineffective."[28]  The failure of a § 2255 motion does not entitle Hammoud to "a second bite at the apple under § 2241."[29]

---

[23] *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000); *see also Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001); *Dorsainvil*, 119 F.3d at 251 (3d Cir.); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir. 2020); *Abdullah*, 392 F.3d at 959 (8th Cir.); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Prost*, 636 F.3d at 584-85 (10th Cir.); *McCarthan*, 851 F.3d at 1086 (11th Cir.); *Keys v. Bureau of Prisons, Dir.*, No. 01-5138, 2001 WL 1029172, at *1 (D.C. Cir. Aug. 28, 2001) (per curiam) (unpublished).

[24] *Pack*, 218 F.3d at 453.

[25] *Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021).

[26] 28 U.S.C. § 2255(e); *see Pack*, 218 F.3d at 452.

[27] *Hammoud v. United States*, No. 3:14-cv-76, 2015 WL 8544710, at *15 (W.D.N.C. Dec. 10, 2015) (unpublished); *see also United States v. Hammoud*, 670 F. App'x 163, 164 (4th Cir. 2016) (per curiam) (unpublished) (denying a certificate of appealability).

[28] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam).

[29] *Abram*, 3 F.4th at 785.

Second, Hammoud argues that his conviction violates due process because the Government did not prove an element of his offense. He maintains that Congress retroactively amended § 2339B to require defendants to know that Hizballah was a designated terrorist organization or was engaged in terrorist activity. In Hammoud's view, the Government did not establish that he had this knowledge.

Hammoud could have raised this claim when he filed his first § 2255 motion, but he did not. Section 2255 provides for a one-year statute of limitations.[30] All of the pieces that comprise Hammoud's claim were in place well before that period expired. Congress had amended the statute at issue. The Supreme Court had decided the cases on which he relies. Because a § 2255 motion could have accommodated the challenge, a § 2241 petition is foreclosed.[31] "[A] claim of error in addressing the sort of constitutional theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective.'"[32] The § 2255 remedy does not become inadequate or ineffective just because a defendant does not attempt to use it.[33]

Third, Hammoud claims violations of his Sixth Amendment rights due to ineffective assistance of counsel. Hammoud could and did raise these claims in his initial § 2255 motion, and the court rejected them.[34] Once again,

---

[30] 28 U.S.C. § 2255(f).

[31] *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

[32] *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

[33] *See Cox v. Warden*, 911 F.2d 1111, 1114 (5th Cir. 1990).

[34] *Hammoud v. United States*, No. 3:14-cv-76, 2015 WL 8544710, at *10-16, (W.D.N.C. Dec. 10, 2015) (unpublished); *see also United States v. Hammoud*, 670 F. App'x 163, 164 (4th Cir. 2016) (per curiam) (unpublished).

No. 19-50914

the failure of a § 2255 motion does not justify recourse to § 2241.[35] Ineffective assistance of counsel, based on facts known to the defendant at the time he files a § 2255 motion, is not the stuff of which § 2241 claims are made.[36]   "[C]laims alleging ineffective assistance of counsel . . . are 'regularly made and resolved under § 2255,' so the remedy by motion cannot be called 'inadequate or ineffective' for purposes of the Savings Clause.'"[37] If we ruled that § 2255 was inadequate or ineffective "simply because the petitioner's prior [§ ]2255 motion was unsuccessful," we "would render those procedural requirements a nullity."[38]

This is a plain-vanilla successive-petition case.  All of Hammoud's claims were amenable to presentation in his initial § 2255 motion.  Whether he presented these claims, and whether he prevailed on them, is of no consequence.  The district court had jurisdiction to resolve these precise issues under § 2255 and to provide a remedy if the claims were meritorious. That means that he cannot raise these issues now under § 2241.

## IV

Hammoud petitioned for rehearing en banc seeking to broaden our interpretation of what claims fall within the saving clause.  In *Reyes-Requena*

---

[35] *Pack*, 218 F.3d at 452.

[36] *See, e.g.*, *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir. 2020) (rejecting claims for ineffective assistance of counsel in a § 2241 petition because "[a]t the time Purkey filed his motion under section 2255, nothing formally prevented him from raising each of the three errors he now seeks to raise in his petition under 2241"); *Poindexter v. Nash*, 333 F.3d 372, 380 (2d Cir. 2003) (rejecting a § 2241 petitioner's claim for ineffective assistance of counsel that "could have been made in his first § 2255 motion").

[37] *Lee v. Watson*, 964 F.3d 663, 665 (7th Cir. 2020) (quoting *Lee v. Watson*, No. 19-3399, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019) (unpublished)).

[38] *Pack*, 218 F.3d at 453.

9

*v. United States*,[39] a panel of this court held that the saving clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[40] The panel in *Reyes-Requena* concluded that if a claim satisfied both prongs, a federal prisoner could assert it in a § 2241 petition.[41]

Hammoud asks that we enlarge the first prong of *Reyes-Requena* to include claims based on statutory amendments, in addition to retroactive Supreme Court decisions. He contends that this expansion would encompass his claims based on the 2004 amendment to § 2339B. We need not consider whether the saving clause could be employed when Congress amends a criminal statute.[42] Hammoud's case fails for a more fundamental reason: he could have brought the claims in a § 2255 motion.

No procedural barrier impeded Hammoud's claims. Congress amended the statute in 2004. Hammoud filed his first § 2255 motion in 2014. He could have filed a § 2255 motion based on the alleged change in statutory law.

The dissenting opinions take the position that this case presents an opportunity to overrule *Reyes-Requena*.[43] However, as noted, *Reyes-Requena*

---

[39] 243 F.3d 893 (5th Cir. 2001).

[40] *Id.* at 904.

[41] *Id.* at 906.

[42] *See PDK Lab'ys Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (ROBERTS, J., concurring) ("[T]he cardinal principle of judicial restraint [is] if it is not necessary to decide more, it is necessary not to decide more.").

[43] *Post* at 18 (HO, J., dissenting); *post* at 19 (OLDHAM, J., dissenting).

involved a decision of the United States Supreme Court, issued after the defendant was convicted. It did not involve a statutory amendment passed by Congress. The en banc court in the present case would risk issuing an advisory opinion were we to opine as to whether *Reyes-Requena* was wrongly decided. An opinion of the Supreme Court construing a statute does not change or amend that statute. By contrast, a statutory amendment can add or remove elements of a crime, or it could conceivably declare that certain convictions under a prior version of a statute should be vacated. Whether such an amendment can be employed as a means for relief under § 2241 presents different questions than those decided in *Reyes-Requena*.

The movant in *Reyes-Requena* was convicted under 18 U.S.C. § 924(c)(1) for use of a firearm during the commission of a drug-trafficking offense.[44] Five years later, after that conviction was affirmed on direct appeal and Reyes-Requena's first petition for habeas relief under 28 U.S.C. § 2255 was dismissed,[45] the Supreme Court construed § 924(c)(1), in *Bailey v. United States*, to mean "that the Government must show active employment of the firearm."[46] Reyes-Requena again filed for relief under § 2255 and ultimately under § 2241, asserting that he had been convicted of a non-existent offense, since the Government had not made the requisite showing. A panel of this court considered many issues in resolving that appeal. One of them was whether the *Bailey* decision was a "new rule of constitutional law" within the meaning of § 2255.[47] The panel held it was not, reiterating "that *Bailey* 'is a substantive, *non-constitutional* decision concerning the reach of a

---

[44] 243 F.3d at 896.

[45] *Id.*

[46] 516 U.S. 137, 144 (1995).

[47] *Reyes-Requena*, 243 F.3d at 900.

federal statute.'"[48]   The *Bailey* decision did not, and of course could not, amend the federal statute. The statute's requirements were the same when Bailey was convicted as they were when the *Bailey* decision was handed down.  The fact that lower courts had not always correctly construed the statute did not mean that the law, i.e., the statute, was changed when the Supreme Court definitively interpreted it.

In the case now before us, Congress *did* amend a statute.  Resolving whether that amendment can be the basis of relief under § 2241 would not require us to overrule *Reyes-Requena*.  We would ask different questions than those presented by the Supreme Court's *Bailey* decision.  It is conceivable that the en banc court could cast shade on *Reyes-Requena* were we to reach whether the statutory amendment at issue now can be the basis of relief under § 2241.  But to outright overrule *Reyes-Requena* would require a stretch that we should not be tempted to make.  For starters, neither of the parties in this case have asked us to overrule *Reyes-Requena*.  Hammoud asks us to affirm and extend it.  The Government affirmatively argues that "This Case is Not an Appropriate Vehicle to Modify or Overrule *Reyes-Requena*," "[g]iven the complexity of the issues often implicated by the saving clause, and the potentially substantial stakes."  We agree that this is not the case in which to revisit the issues decided in *Reyes-Requena*.

*        *        *

A § 2255 motion is not "inadequate or ineffective to test the legality of detention" when Hammoud could have made the very arguments that he now, belatedly, raises.[49]  We AFFIRM the district court's judgment.

---

[48] *Id.* (quoting *United States v. McPhail*, 112 F.3d 197, 199 (5th Cir.1997)).

[49] 28 U.S.C. § 2255(h).

No. 19-50914

DON R. WILLETT, *Circuit Judge*, concurring:

Section 2255(e) is just one sentence long. The en banc court focuses on the final few words, the so-called saving clause. Respectfully, I believe this case turns instead on language appearing earlier in § 2255(e). To my mind, a scrupulously text-based reading of the statute confirms that the law-professor amici have a point.[1] This isn't a *saving* clause case at all—it's an *authorization* clause case. Even so, the ultimate outcome remains the same: Hammoud loses, just not for the reasons the en banc court states. Therefore, I respectfully concur in the judgment.

I

The en banc court does not disagree that "[t]he truest indication of what Congress intended is what Congress enacted."[2] Indeed, it claims its reasoning flows from § 2255(e)'s own "terms," which it quotes in full:

> An application for a writ of habeas corpus in behalf of a prisoner *who is authorized to apply for relief by motion pursuant to this section*, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.[3]

---

[1] *See* Law Professors Br. at 7 ("If the petitioner has never been 'authorized to apply for relief by motion' under Section 2255, then nothing bars a federal court from 'entertain[ing]' an 'application for a writ of habeas corpus' under Section 2241 in the first place." (quoting 28 U.S.C. § 2255(e))).

[2] *Vitol, Inc. v. United States*, 30 F.4th 248, 253 (5th Cir. 2022) (quoting *Thomas v. Reeves*, 961 F.3d 800, 826 (5th Cir. 2020) (per curiam) (en banc) (Willett, J., concurring)).

[3] *Ante* at 5 (quoting § 2255(e)) (emphasis added).

No. 19-50914

But by focusing exclusively on the second set of italics, the saving clause, the en banc court "skip[s] right past" the *first* set, the authorization clause.[4]

Judges must be sticklers when decoding legislative text. The law begins with language, and we must give effect to the words that Congress has chosen—all of them.[5] Congress plainly stated in § 2255(e) that a prisoner never gets to the saving clause if he isn't "authorized to apply for relief by motion pursuant to *this section*."[6] Not pursuant to "some" of § 2255, but *all* of it.[7] In other words, Hammoud must surmount every procedural hurdle Congress put in his way before we can ever consider whether a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."[8]

That's not something Hammoud can do. The en banc court accurately notes that Hammoud is well past § 2255(f)'s "one-year statute of limitations."[9] Plus, this isn't Hammoud's first rodeo. He's filed a § 2255 motion before, but he neither argues for relief based on "newly discovered evidence," nor "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

---

[4] *Compare* Jennifer Case, *Text Me: A Text-Based Interpretation of 28 U.S.C. § 2255(e)*, 103 Ky. L.J. 169, 186–87 (2014) (discussing how court have been "skipp[ing] right past the Authorization Clause and jump[ing] straight to the . . . 'Savings Clause'" for years), *with ante* at 6-7 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[5] *Advoc. Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1659 (2017) ("Our practice . . . is to 'give effect, if possible, to every clause and word of a statute.'" (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)).

[6] § 2255(e) (emphasis added).

[7] Case, *supra* at 187–89 (quoting § 2255(e)).

[8] *Id.*

[9] *Ante* at 8.

unavailable."[10] And so I agree with the en banc court when it holds that Hammoud could have and should have brought his amended-statute claim in his *first* § 2255 motion.[11] Trouble is, in making that holding the en banc court implicitly holds exactly what I've been saying: Hammoud wasn't *authorized* to file his current claims under § 2255, meaning that what makes a § 2255 motion "inadequate or ineffective" under the saving clause isn't before us.[12]

## II

Hammoud not being authorized to file a motion under § 2255 is no small matter. It means that our holding today on the saving clause's scope is merely advisory.[13] It also leaves the elephant in the room unaddressed: If Hammoud isn't authorized to file a motion under § 2255, does that mean he gets to file a § 2241 habeas petition after all? That's what the law-professor amici argue. And so does Professor Jennifer Case, perhaps the only scholar to wrestle with the complicated textual interplay that AEDPA introduced given the preexisting authorization clause.[14] In her view, "a prisoner is not precluded from bringing his § 2241 habeas petition" when he cannot satisfy the authorization clause.[15] The parties haven't briefed what their views on the question are. But we have enough from the Supreme Court and Congress

---

[10] § 2255(h).

[11] *Ante* at 10.

[12] Case, *supra* at 187 ("[I]f the Authorization Clause is not satisfied, subsection (e) plays no role in determining whether a prisoner can bring his habeas petition.").

[13] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. . . . [They] do not issue advisory opinions.").

[14] Case, *supra* at 189.

[15] *Id.* at 190.

to answer it: *Yes*, Hammoud can file his § 2241 petition—but *no*, he won't prevail.

Understanding why requires understanding what Congress did when it passed § 2255 in June 1948.[16] Months earlier, in March, the Supreme Court had heard argument in *Ahrens v. Clark*.[17] The Court issued its decision in June, holding that prisoners had to be physically present in the sentencing court's "territorial jurisdiction" to file a habeas petition.[18] Needless to say, the Government did not want to shuffle prisoners back and forth across the country. So days after *Ahrens* issued, Congress passed § 2255, which statutorily authorized prisoners to collaterally attack their convictions by *motion* (and from their cell).[19] That part of *Ahrens* is no longer good law. The Supreme Court later overruled it, holding that a sentencing court can gain jurisdiction over a geographically remote prisoner under § 2241(a) by simply "issuing the writ [to] have jurisdiction over the custodian."[20] Yet Congress' statutory scheme remains. Generally, a federal prisoner can collaterally attack his conviction only through § 2255. The only time he can make that attack through § 2241 is if he can get past *both* the authorization clause *and* the saving clause.

That's no empty set of hypotheticals. For example, "Congress has long provided for specialized military courts to adjudicate charges against

---

[16] Act of June 25, 1948, ch. 646, 62 Stat. 964, 967–68 (codified as amended at 42 U.S.C. § 2255).

[17] 335 U.S. 188 (1948).

[18] *Id.* at 192–93; *see also United States v. Hayman*, 342 U.S. 205, 220 (1973) (characterizing *Ahrens*).

[19] *See Hayman*, 342 U.S. at 219–20 (explaining Congress's purposes in enacting § 2255).

[20] *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973).

service members."[21] Often these courts "dissolve after the purpose for which they were convened has been resolved," leaving no sentencing court for a prisoner authorized to file a § 2255 motion in.[22] But Hammoud isn't seeking to collaterally attack a military conviction. And whatever the full scope of the saving clause may be, Hammoud never reaches it because, again, he can't get past the authorization clause. Therefore, the en banc court reaches the right result—Hammoud's petition *must* fail—but not for the reasons it articulates.

\* \* \*

"The law begins with language, and the foremost task of legal interpretation is divining what the law *is*, not what the judge-interpreter *wishes* it to be."[23] Respectfully, the en banc court seems to have judicially amended § 2255(e) by reading the authorization clause out of the statute. I therefore cannot join today's opinion. But because Hammoud's petition for writ of habeas corpus must still fail, I respectfully CONCUR in the judgment.

---

[21] *Ortiz v. United States*, 138 S. Ct. 2165, 2170 (2018).

[22] *Beras v. Johnson*, 978 F.3d 246, 260–61 (5th Cir. 2020) (Oldham, J., concurring) (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)).

[23] *Reed v. Taylor*, 923 F.3d 411, 415 (5th Cir. 2019).

JAMES C. HO, *Circuit Judge*, dissenting:

I respect the fact that the majority sees no need to overturn *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), to decide this appeal. I nevertheless conclude that we could have, and should have, done just that.

As the majority notes, "Hammoud petitioned for rehearing en banc" to "ask[] that we enlarge the first prong of *Reyes-Requena*." *Ante*, at 10. The majority ultimately declines that request. But as the majority explains, it does so for reasons unrelated to *Reyes-Requena* itself. *See id.* at 11.

I see no reason why we could not also decline Hammoud's request on the ground that *Reyes-Requena* is contrary to the plain language of 28 U.S.C. § 2255 and thus wrong *ab initio*, as Judge Oldham explains. After all, revisiting mistaken circuit precedent is one of the primary reasons we grant rehearing en banc. *Cf. Alvarez v. City of Brownsville*, 904 F.3d 382, 401 (5th Cir. 2018) (en banc) (Ho, J., concurring) ("There are times when it is necessary to upset circuit precedent—for example, . . . to better align our precedents with the text and original understanding of the Constitution or the plain language of United States statutes."). And had we done so here, we presumably would have ordered the dismissal of Hammoud's § 2241 petition with, rather than without, prejudice.

The majority responds that answering Hammoud's request in this manner would somehow amount to issuing an advisory opinion. *See ante*, at 11. But I don't see how. There's nothing wrong with (or advisory about) supporting a judgment with more than one rationale. Alternative holdings are not advisory opinions. They're binding precedents. *See, e.g., United States v. Potts*, 644 F.3d 233, 237 n.3 (5th Cir. 2011) ("[A]lternative holdings are binding precedent.") (quotations omitted); *Hall v. Louisiana*, 884 F.3d 546, 551 n.20 (5th Cir. 2018) ("The binding force of earlier opinions extends to alternative holdings.") (quotations omitted). I respectfully dissent.

No. 19-50914

Andrew S. Oldham, *Circuit Judge*, joined by Jones, Duncan, and Engelhardt, *Circuit Judges*, dissenting.

In 2001, our court decided *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In that case, we contravened the plain text of 28 U.S.C. § 2255 and the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Indeed, *Reyes-Requena* did not even purport to apply the text passed by Congress. In the generation since *Reyes-Requena*, that decision has allowed our court to entertain countless appeals in direct violation of the strictures passed by Congress. And today, our *en banc* court rejects an invitation to revisit it.

As Justice Thomas has explained: "By applying demonstrably erroneous precedent instead of the relevant law's text, . . . the [c]ourt exercises 'force' and 'will,' two attributes the People did not give it." *Gamble v. United States*, 139 S. Ct. 1960, 1981 (2019) (Thomas, J., concurring) (quoting The Federalist No. 78, at 465 (Clinton Rossiter ed., 1961)).

I respectfully dissent.

## I.

Section 2255 is "a statutory *substitute* for habeas corpus." *United States v. Cardenas*, 13 F.4th 380, 384 n.* (5th Cir. 2021). Its "'sole purpose' . . . was to change the venue for challenges to a sentence." *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) (Thapar, J.). In § 2255(h), Congress provided a jurisdictional barrier to filing second-or-successive motions. *United States v. Vargas-Soto*, 35 F.4th 979, 988 (5th Cir. 2022). That subsection permits a federal prisoner to bring only two types of claims in a second-or-successive motion challenging the validity of his sentence. *See* 28 U.S.C. § 2255(h). First, a prisoner can bring a claim based on "newly discovered evidence." *Id.* § 2255(h)(1). And second, a prisoner can bring a claim based on "a new rule of *constitutional* law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h)(2) (emphasis added). That's it—just new evidence and new constitutional rules. There is no third exception for any other kind of claim. Every other second-or-successive motion is statutorily barred.

This circuit contravened the clear text of § 2255(h) in *Reyes-Requena.* There, we held that a federal prisoner may bring a second-or-successive postconviction challenge under 28 U.S.C. § 2241 based on a new *statutory* rule. This holding turned on the savings clause in § 2255(e). The savings clause provides that a federal prisoner can bring claims under § 2241 *only if* a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). According to the *Reyes-Requena* panel, Congress's failure to permit second-or-successive motions for "new statutory rules" under § 2255(h) rendered that section "inadequate or ineffective," thus triggering the savings clause. 243 F.3d at 904.

As I've explained before, *Reyes-Requena*'s holding is demonstrably erroneous. *See, e.g.*, *Beras v. Johnson*, 978 F.3d 246, 253–64 (5th Cir. 2020) (Oldham, J., concurring). I am far from the first to recognize the egregiousness of this error. *See, e.g.*, *Wright v. Spaulding*, 939 F.3d 695, 706–10 (6th Cir. 2019) (Thapar, J., concurring); *McCarthan v. Dir. of Goodwill-Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1085–1100 (11th Cir. 2017) (en banc); *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1275–95 (11th Cir. 2014) (W. Pryor, J., concurring); *Brown v. Caraway*, 719 F.3d 583, 596–601 (7th Cir. 2013) (statement of Easterbrook, C.J.); *Prost v. Anderson*, 636 F.3d 578, 584–97 (10th Cir. 2011) (Gorsuch, J.). And the Supreme Court recently granted certiorari, I hope, to fix it. *See Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, 142 S. Ct. 2706 (2022).

## II.

We took this case *en banc* to reconsider *Reyes-Requena*. *See* Pet. for Reh'g at 10. But instead of righting that jurisdictional wrong, the *en banc* majority dodges it. The theory appears to be that Hammoud loses anyway, so why should it matter that our demonstrably wrong precedent provides the *only* reason this case is even in our court? You see, absent *Reyes-Requena*, Hammoud's only postconviction habeas remedy would lie in § 2255—not § 2241. *See* 28 U.S.C. § 2255(e). He would have to sue the United States— not his warden. *See United States v. Hayman*, 342 U.S. 205 (1952). And he would have to file in his court of conviction (the Western District of North Carolina)—not in the district of his confinement (the Western District of Texas). *See* 28 U.S.C. § 2255(a). So the entirety of this case—involving the wrong statute, the wrong respondent, and the wrong court—depends on our wrong decision.

In other areas of law, we do not overlook such transgressions. Suppose in *A v. B*, we interpreted 28 U.S.C. § 1332 to confer diversity jurisdiction over a $10,000 suit between two Californians—would we go *en banc* to reconsider *A v. B* and then say never mind because the petitioner loses anyway? Suppose in *C v. D*, we interpreted 42 U.S.C. § 1983 to allow plaintiffs to sue private companies—would we go *en banc* to reconsider *C v. D* and then say never mind because the petitioner loses anyway? Or suppose in *X v. Y*, we interpreted 28 U.S.C. § 1391 to authorize venue in our district courts for disputes between Liechtensteiners arising under Liechtenstein law—would we go *en banc* to reconsider *X v. Y* and then say never mind because the petitioner loses anyway? Of course not. Our *en banc* court would presumably recognize that the errors in *A v. B*, *C v. D*, and *X v. Y* far transcend the parties in any one case because those demonstrably wrong precedents would allow innumerable *other* parties to invoke the wrong jurisdictional statute (*A*)

No. 19-50914

against the wrong defendant (*B*) in the wrong court (*X*). So too, in my view, with habeas corpus.

The *en banc* majority retorts that if we actually determined the savings clause's original meaning, we'd "risk issuing an advisory opinion." *Ante*, at 11. It's true that *Reyes-Requena* involved judicial reconstruction of a statute, while this case involved congressional amendment of a statute. *See id.* at 11–12. But I do not understand why that matters. Both *Reyes-Requena* and this case involve statutory changes, and neither change enables either prisoner to file under § 2241. That result follows from a straightforward reading of § 2255(e)'s savings clause; it's squarely presented by Hammoud's rehearing petition; and it resolves this case. There's nothing advisory about that.

In all events, the *en banc* majority's rule proves too much. According to the majority, if a claim could've been raised in a § 2255 motion, then it cannot be raised in a § 2241 petition. *See ante*, at 6–10. But under this rule, Reyes-Requena himself should've lost. After all, in his first § 2255 motion, Reyes-Requena *could've* argued that he did not "use" a firearm under 18 U.S.C. § 924(c)(1). That argument certainly was available to him then. Reyes-Requena obviously knew the statute's text and knew his own case's facts. Sure, Reyes-Requena's "use" argument got *stronger* after *Bailey* and *Bousley* were decided. *See Bailey v. United States*, 516 U.S. 137 (1995); *Bousley v. United States*, 523 U.S. 614 (1998). But that does not mean § 2255 was "inadequate or ineffective" to raise the "use" argument and hence "to test the legality of [Reyes-Requena's] detention." 28 U.S.C. § 2255(e). Indeed, Bailey himself raised the "use" argument in his direct appeal—without waiting for his § 2255 proceedings, much less § 2241 proceedings. That's why the *Bailey* doctrine is named after him. And that's why there's no basis to hold that § 2241 somehow provides the only vehicle for raising such claims.

No. 19-50914

The rule of law, the separation of powers, and the Great Writ all require us to overrule *Reyes-Requena*. I respectfully dissent.