# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-10162
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2023

Lyle W. Cayce
Clerk

Richard Olive,

*Petitioner—Appellant*,

*versus*

Warden FMC Fort Worth,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-1032

———————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Richard Olive, federal prisoner # 21100-075, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 application. He had challenged his 2013 convictions and sentences for mail fraud, wire fraud, and money laundering. Specifically, he contended that one of his money laundering convictions was precluded by *United States v. Santos*, 553 U.S. 507 (2008),

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10162

which clarified the definition of the term "proceeds" as used in 18 U.S.C. § 1956(a)(1). He further argued that he is entitled to bring his *Santos* claim under § 2241, in lieu of surmounting 28 U.S.C. § 2255's successive filing bar, because he satisfied § 2255(e)'s "savings clause" in light of *Garland v. Roy*, 615 F.3d 391, 402 (5th Cir. 2010), which held *Santos* to have retroactive application to cases on collateral review.

Pursuant to § 2255(e), a prisoner may challenge the basis of his federal custody in a § 2241 application if he shows that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Olive fails to show error by the district court. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). *Santos* was decided five years before Olive's trial. In fact, Olive raised an identical *Santos* claim on direct appeal, which the Sixth Circuit rejected. *United States v. Olive*, 804 F.3d 747, 756–59 (6th Cir. 2015). Though Olive disagrees with the Sixth Circuit's interpretation of *Santos*, disagreement does not satisfy the savings clause. *Hammoud v. Ma'at*, 49 F.4th 874, 880-81 (5th Cir. 2022) (en banc), *cert. denied*, 2023 WL 124108 (U.S. Jan. 9, 2023) (No. 22-512).

AFFIRMED.