# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-40593
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2023

Lyle W. Cayce
Clerk

Chadwick Marvin Thompson,

*Petitioner—Appellant*,

*versus*

Warden, *FCI Texarkana*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:20-CV-46

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Chadwick Marvin Thompson, federal inmate # 07787-078 and proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2241 habeas petition. He was convicted in 2013 for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and sentenced as a career offender under Sentencing

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Guideline § 4B1.1(b)(1).  He contends:  application of the career-offender enhancement was predicated on his 1999 conviction for illegal possession of a machine gun; that conviction would be invalid under intervening Supreme Court decisions; therefore, his current sentence was enhanced improperly for a nonexistent crime.

The district court ruled Thompson's challenge:  had to be pursued in a 28 U.S.C. § 2255 motion to vacate, set aside, or correct; and did not fall within § 2255(e)'s "savings clause".  The court's factual findings are reviewed for clear error; its legal conclusions, *de novo*.  *E.g.*, *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

Thompson does not challenge "the manner in which [his] sentence is [being] carried out".  *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  Rather, his claim is based on an alleged error which "occurred at or prior to sentencing"; therefore, he was required to pursue his challenge in a motion under § 2255, instead of § 2241, unless he satisfies § 2255's savings clause.  *Id.* (citation omitted).

Where petitioner improperly pursues his challenge in a § 2241 motion, the savings clause permits review where he "establishes that the remedy provided for under section 2255 is inadequate or ineffective".  *Id.*; *see* § 2255(e) (savings clause).  Our court has held the remedy provided under § 2255 is inadequate or ineffective when petitioner's challenge is, *inter alia*, "based on a retroactively applicable Supreme Court decision which establishes [he] may have been convicted of a nonexistent offense".  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Thompson's contention "that he is actually innocent of being a career offender . . . is not the type of argument that courts have recognized may warrant review under § 2241" because he "makes no assertion that he is innocent of the crime *for which he was convicted*".  *Kinder v. Purdy*, 222 F.3d

2

No. 20-40593

209, 213–14 (5th Cir. 2000) (emphasis added). Accordingly, he fails to meet his burden of showing § 2255 "is inadequate or ineffective to test the legality of his detention". § 2255(e).

He additionally contends our court should join the fourth circuit in expanding § 2255(e)'s savings clause to encompass sentencing errors. *See generally United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Our court recently declined to "revisit the issues decided in *Reyes-Requena*". *Hammoud v. Ma'at*, 49 F.4th 874, 882–83 (5th Cir. 2022) (en banc). Therefore, *Reyes-Requena*—and *Kinder*—continue to govern the application of § 2255(e) in this circuit.

AFFIRMED.