# United States Court of Appeals for the Fifth Circuit

---

No. 22-60525
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2023

Lyle W. Cayce
Clerk

RICARDO JAVIER ARELLANO,

*Petitioner—Appellant,*

*versus*

SHANNON C. WITHERS, *United States Penitentiary Yazoo City's Warden,*

*Respondent—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-361

---

Before KING, HIGGINSON, and WILLETT, *Circuit Judges.*

PER CURIAM:[*]

Ricardo Javier Arellano, federal prisoner # 23305-058, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging the sentences imposed by the Western District of North Carolina following his convictions for armed bank robbery and kidnapping during a bank robbery. He also appeals the district court's dismissal of his motion insofar as it sought a sentence

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

reduction under 18 U.S.C. § 3582(c)(1). Finding no error, we affirm. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition and a 28 U.S.C. § 2255 motion are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper procedural vehicle by which a petition may "attack[] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

On appeal, Arellano neither challenges the district court's conclusion that his claims seek to attack his federal sentence nor explains why, if so, the district court erred in finding that he could not nonetheless proceed by way of § 2241 pursuant to the savings clause. Instead, Arellano argues in a single sentence that § 2241 is the proper vehicle for challenging the execution of a sentence. Such a conclusory argument is insufficient even for a *pro se* appellant. *See Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021).

In any event, the district court correctly determined that Arellano is seeking to attack the imposition, not execution, of his sentence, and such attacks must be brought pursuant to § 2255. *See Pack*, 218 F.3d at 451. Although "[i]n 'extremely limited circumstances,' federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant to the "so-called 'savings clause' of § 2255(e)," *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack*, 218 F.3d at 452), the Supreme Court has recently recognized in *Jones*

No. 22-60525

*v. Hendrix*, No. 21-857, 2023 WL 4110233, *8 (U.S. June 22, 2023), that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." There is nothing in either the record or Arellano's briefing, in which Arellano focuses solely on his attacks as to the length of his sentence, to indicate that such unusual circumstances are applicable here.

Finally, the district court also determined that it lacked jurisdiction over any § 3582(c) motion because it was not the sentencing court. *See United States v. Shkambi*¸ 993 F.3d 388, 390 (5th Cir. 2021). Again, Arellano fails to identify any error in the district court's stated reasons for denying § 3582(c) relief or otherwise brief this issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.